## ATTORNEY'S FEES IN CERTAIN RAILROAD CASES.

Circuit Court of Harrison County.

B. F. ROWLAND v. THE BALTIMORE & OHIO RAILROAD COMPANY.

Decided, May, 1910.

*Constitutional Law—Provision for Allowance of Attorney's Fees in Certain Cases Against Railroads is Class Legislation—Section 7893, General Code.*

Section 3365-7, Revised Statutes, which provides for the taxing of an attorney fee where an appeal is taken in certain actions for dam-

ages on account of fires caused by railroads is unconstitutional and void.

*Perry & Rowland,* for plaintiff.
*Hollingsworth & Worley,* contra.

METCALFE, J.; LAUBIE, J., concurs; COOK, J., not sitting.

Error to the Court of Common Pleas of Harrison County.

The plaintiff in error brought this action originally before a justice of the peace to recover for damages to his property caused by fire originating in the railroad company's right-of-way. The case was tried before the justice and appealed to the common pleas court, where a verdict and judgment were rendered in favor of the plaintiff. The plaintiff thereupon moved the court to include in the judgment an attorney fee, which the court refused to do, and such refusal is the only ground of error assigned here.

The plaintiff claims the right to an attorney fee to be taxed against the defendant under favor of Section 3365-7, Revised Statutes (91 O. L., 187), and the defendant resists it on the ground that the statute which permits it is unconstitutional. The section reads as follows:

"In case either party appeal from the judgment of the court in which an action under this act is originally begun, or may carry the case to a higher court on error, the party in whose favor judgment is finally rendered shall have included in his bill of costs against the adverse party, an attorney fee of fifty dollars ($50) in case an appeal or error is not carried beyond the circuit court, and in case such appeal or error is carried to the Supreme Court of this state, there shall be an attorney fee of one hundred dollars ($100) included in his said bill of costs."

In the case of *Coal Company* v. *Rosser,* 53 O. S., 15, a statute (Section 6563a, Revised Statutes) which authorized the taxing of an attorney fee in favor of the plaintiff in suits on certain claims for labor was held unconstitutional on the ground that it was class legislation. But it is urged that this holding does not apply to Section 3365-7, inasmuch as the latter section permits an attorney fee to be taxed in favor of the winning party,

whether plaintiff or defendant, and against the loser. In our judgment the provision making the fee assessable against the loser· does not relieve the statute from its objectionable features. It is still class legislation. Those who are so unfortunate as to have litigation over fires caused, or claimed to be caused, by railroads are singled out as a class by themselves and the one who wins is granted a favor which is denied to all other litigants, and the loser has inflicted upon him an added burden of costs which is not imposed upon any others. In the Rosser case, *supra,* it was not the fact that one of the parties only was given the right to have his attorney fee charged against his adversary that made the statute unconstitutional. It was the fact that a class of litigants was separated from all others and favors granted or burdens imposed which other litigants were not obliged to bear.

"All courts shall be open and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law." Article I, Section 16, Constitution of Ohio.

"No state shall * * * deny to any person within its jurisdiction the equal protection of the laws." 14th Amendment Const. of U. S.

Every person has an equal·right with every other person to invoke the action of the courts of the state for the protection of his person or property and it is not "due course of law" or "equal protection of the laws" where those who have property destroyed by fire caused by a railroad are put in a class by themselves and are offered a reward in the shape of an attorney fee if they win their cases and are required to pay one to their adversary if they lose.

Judgment affirmed.